**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 6 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-32733 |
| | ) | |
| Malena E. Richards, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER TO DISGORGE PARTIAL FEE

This case came before the court *sua sponte* on the court's review of the contents of its docket in this case. The Chapter 7 petition filed in this case discloses that Lori Okerlund ("Okerlund") prepared Debtor's petition and other documents and that she is a bankruptcy petition preparer as defined in 11 U.S.C. § 110(a)(1). [Doc. # 1, Petition, p. 3/66]. The Disclosure of Compensation of Bankruptcy Petition Preparer [Doc. # 5] discloses that Okerlund charged Debtor $500.00 for her document preparation services and that the entire fee was received by Okerlund before the petition was filed. But in this district the presumptive maximum allowable fee chargeable by a bankruptcy petition preparer in any case is $125.00. Local Bankr. Rule 2016-2(a). It thus appeared to the court that Okerlund charged and received an excessive fee based on the presumption in this district as

applicable in this case.[1]

The court entered its Order to Show Cause [Doc. # 12] on June 14, 2012. The order directed Okerlund to appear at a hearing on July 18, 2012, to show cause why she shouldn't be required to disgorge the $375.00 part of her fee that exceeds the district's presumptive maximum of $125.00. Okerlund requested and was granted permission to appear by telephone at the July 18 hearing because she lives and works in Utah. At that hearing, she reported that she had not been properly served with the hearing order, having learned of it only from Debtor, and also requested time to consider engaging counsel. The court adjourned the hearing to August 8, 2012, to effect proper service of the Order to Show Cause on Okerlund, which was subsequently accomplished, [*see* Doc. # 23], and to allow her to consult with counsel. [Doc # 22].

The court held the further hearing on August 8, 2012. With the permission of the court, Okerlund again appeared by telephone, representing herself. An attorney for United States Trustee for Region 9 Daniel M. McDermott appeared in person at the hearing.

At the hearing, Okerlund described in detail the services she performed for Debtor, evincing an attitude of professionalism and thoroughness that is admittedly rare in this court's experience with petition preparers. She did so in an effort to explain to the court why the this district's presumptive maximum fee was too low in this case. The problem is that the services Okerlund described exceeded the scope of what she is permitted to do for debtors as a petition preparer, which is, simply put, "not much." *In re Rose*, 314 B.R. 663, 707 (Bankr. E.D. Tenn. 2004)(quoting *In re Guttierez*, 248 B.R. 287, 297-98 (Bankr. W.D. Tex. 2000).

Congress defines a petition preparer as "a person, other than an attorney for the debtor or an employee of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). There is no dispute that Okerlund is a petition preparer. She is not an attorney, describing herself rather as running a paralegal service. She acknowledges that she prepared Debtor's Chapter 7 petition, schedules and related documents for filing in this court and that Debtor paid her $500 to do so. [*See also* Doc. # 5].

Effective May 16, 2011, this court enacted its Local Bankruptcy Rule 2016-2, captioned

---

[1] The fact that Okerlund is physically located in Utah does not exempt her from application of this court's local rules. Persons who qualify as a bankruptcy petition preparer and perform services for individuals filing for bankruptcy in this district subject themselves to the jurisdiction of the court. *In re Amstutz*, 427 B.R. 636, 640 (Bankr. N.D. Ohio 2010); *see McDow v. We the People Forms & Serv. Ctrs., Inc. (In re Douglas)*, 304 B.R. 223, 237 (Bankr. D. Md.2003).

Compensation of Petition Preparers, which provides as follows:

    a. The presumptive maximum allowable fee chargeable by a bankruptcy petition preparer in any case is $125.00.

    b. The Clerk shall give a copy of this Rule to each pro se debtor at the time a petition is presented for filing.

    c. Should a bankruptcy petition preparer in any individual case seek a determination that the value of services rendered exceeds $125.00, the bankruptcy petition preparer shall file a motion with the Court requesting a hearing. The motion shall be filed within 14 days after the date of the filing of a petition.

    d. Any bankruptcy petition preparer who charges a fee in excess of the value of services rendered shall be subject to sanctions under 11 U.S.C. § 110, including, but not limited to, the disallowance and turnover of any fee found to be in excess of the value of services rendered.

L.B.R. 2016-2.

Okerlund did not file a motion with the court, within 14 days of filing the petition or otherwise, seeking a determination in accordance with the local rule that the value of her services to Debtor exceeded the presumptive maximum of $125.00. That procedural default is alone a basis for requiring disgorgement of the $375.00.

Nevertheless the court will also evaluate the substantive arguments Okerlund makes to support the $500 fee she collected from Debtor. Although she did not file a motion for review as required by Rule 2016-2c, the court's position is that Okerlund still has the burden of proving the reasonableness of her fees, *see In re Haney*, 284 B.R. 841, 851 (Bankr. N. D. Ohio 2002). She set about doing so at the hearing by listing the many services she performed for Debtor and emphasizing that she could not afford to run her paralegal business if she was limited to charging $125 to debtors. The latter standard is irrelevant to the petition preparer fee inquiry. Rather, the basis for the $125 presumptive maximum fee in this district derives from judicial analysis of the very limited range of services that a petition preparer may permissibly perform for a debtor.

The bottom line is that petition preparers are limited to typing information on the Official Forms that has been provided by and at the direction of the prospective debtor and providing the forms and copies of them to the debtor for filing with the court. As this court (and others) stated before amendments to § 110 under the Bankruptcy Abuse Prevention and Consumer Protection Act

of 2005, in observations that remain effective and are perhaps even moreso under § 110, as amended:

> [A petition preparer] is limited to providing services that do not constitute the unauthorized practice of law in Ohio. Given the Ohio Supreme Court's expansive definition of what constitutes the unauthorized practice of law, just as courts in most other districts have determined, [a petition preparer] is essentially limited to providing forms, providing limited information such as court location and filing fees, typing documents from information provided by debtors, compiling them in proper order and providing duplication services.

Beyond just typing information provided to her by Debtor into a commercial computer software program, Okerlund described that she provided Debtor a list of documents to provide to her; explained the credit counseling briefing requirement [11 U.S.C. § 109(h)] to Debtor; provided Debtor information on what will be required at the meeting of creditors; analyzed, sorted and compiled information from Debtor's credit reports and other provided documents; made decisions about what information (such as claiming exemptions on Schedule C) should be included where on the schedules, statement of affairs and means test form; provided Debtor with some sort of a "declaration of taxes" form to fill out and give the Trustee; reminded Debtor after the meeting of creditors that she still needed to take the post-petition financial management class [11U.S.C. § 727(a)(11); and provided Debtor instructions and the cover sheet to evidence same. Okerlund testified that she spent approximately a third of the $125 presumptive maximum fee on duplication and mailing services for Debtor, and that she spent some 5 and 3/4 hours in front of the computer sorting through information and documents from Debtor, deciding what goes where on the bankruptcy forms and filling them out on her computer program.

Most tellingly, however, Ms Okerlund stated that "[s[o it's not just a matter of, you know, flat typing." But under the § 110 of the Bankruptcy Code it is a matter of "flat typing" as this court and other courts hold. For example, the court in *In re Moffett*, 263 B.R.805, 814-15 (Bankr. W.D. Ky. 2001) held that services Okerlund provided such as "advising clients about exemptions, or determining which exemptions apply to a client's property," and deciding how to list a debtor's debt constitutes the unauthorized practice of law. To the same end, the court in *In re Amstutz*, 427 B.R. 636, 641 (Bankr. N.D. Ohio 2010), held that where a petition preparer used personal knowledge to determine which exemptions a debtor should claim, and "took it upon himself" to categorize a debtor's secured and unsecured obligations on the bankruptcy forms, he engaged in the unauthorized practice of law. And courts have determined that using a computer program to do

4

anything other than type in information from forms already provided in draft by Debtor constitutes the unauthorized practice of law. *E.g., Moffett*, 263 B.R. at 815; *In re Farness*, 244 B.R. 464, 471 (Bankr. D. Idaho 2000).

Because petition preparers may not engage in the unauthorized practice of law, they are necessarily limited in the services they may provide, and thus, they may only be compensated for those services they are legally allowed to perform. Okerlund's justification for exceeding the presumptive maximum fee in this district consists mostly of services she is not legally permitted to perform. Debtor's petition, schedules and related documents prepared by Okerlund are not unusual in length at 66 pages, the listed assets on Schedule B are minimal and her 8 pages of unsecured creditors on Schedule F is not unusual or extreme in number or volume from the standpoint of just typing information as directed by a debtor on documents, which is what Okerlund was permitted to do. The court therefore finds that Okerlund has not overcome the $125 presumptive maximum fee for petition preparers as a reasonable fee and one that is not excessive.

**IT IS THEREFORE ORDERED** that Lori Okerlund must disgorge excess fees as a petition preparer in the amount of $375.00. She must refund to Debtor Malena E. Richards the total sum of $375.00 via a money order or bank check transmitted to Debtor within 45 days of the date of entry of this order; and

**IT IS FURTHER ORDERED** that Lori Okerlund shall file with this court by first class mail or commercial delivery service evidence of repayment to Debtor of the $375 by submitting a copy of the payment instrument, with said evidence also to be filed within 45 days of entry of this order; and

**IT IS FINALLY ORDERED** that this order of partial disgorgement is without prejudice to any other or additional rights or remedies sought by the United States Trustee in pending Adversary Proceeding Number 12-03140 in this court.

###